ANDREW NEILL vs. RICHARD OWEN, Administrator of JAMES QUIN — Appeal from DeWitt County.

If an action be founded on privity of contract between the parties, it is transitory, whether in debt or covenant. But if there be no privity of contract, and the action is founded on privity of estate only, it is then local, and must, in general, be brought in the county where the land lies.

The cases of executors, administrators, guardians and trustees are exceptions to the general rule. By the provisions of our statute they *must* be sued in the county where the estate is administered, no matter what may be the subject in controversy.

The case is stated in the opinion of the court.

NEILL for appellant.

J. W. ALLEN for appellee.

Mr. Justice LIPSCOMB delivered the opinion of the court.

The appellant Neill sued the appellee Owen, as administrator of Quin, for a specific performance of an agreement made and entered into between appellant and appellee's intestate, by which the former was to receive one-fourth part of certain land claimed by the latter, in consideration of his paying the dues, etc., and obtaining the patent. The plaintiffs allege that the lands were situated in DeWitt county.

Owen, the administrator of Quin, pleaded in abatement in the court below, that administration on the estate had been opened in the county of Victoria, and that he was not liable to be sued in the county of DeWitt. The court sustained the plea, and the plaintiff appealed.

The only point for our consideration is the one presented in the court below by the plea in abatement. The suit is founded on a covenant, and the plaintiff seeks a specific performance by a conveyance of land embraced in the terms of the covenant.

At common law, it is believed to be a well settled rule, that covenant is a transitory action; this, however, is not universally so, for it admits often of exceptions, and, under such exceptions, actions of debt and covenant become local.

It is said that the principle which determines whether an ac-

tion of this nature is local or transitory is simply this: if the action is founded on privity of contract between the parties, then the action, whether debt or covenant, is transitory. But if there is no privity of contract, and the action is founded on privity of estate only, such as a covenant that runs with the land in the hands of remote grantees, then the action is local, and must be brought in the county where the land lies. [See Bacon's Abr. title Actions, Local and Transitory; 2 Littell, 263.]

To test the case before us by this rule, it would seem to be a local action for the want of a privity of contract between the plaintiff and defendant; this privity had been broken by the death of one of the parties to the covenant. If the suit had been brought against Quin in his lifetime, the action would have been transitory, and would have followed the person of the defendant. This view of the common law would have been decisive of the defense presented by the plea, if our statute exerted no control over the common law rule. The language of the 5th exception of the first section of the act to regulate proceedings in the district courts is, " in cases of executors, administrators or guardians of an estate, or trustees, who must be sued in the county in which the estate is administered." [See Acts of the State, 1 vol. 364.] The appellant, however, supposes that the law just cited is controlled by the 11th exception in the same section, which is in the following words: "In cases where the recovery of land, or damages thereto, is the object of a suit, in which cases the suit must be instituted where the land or a part thereof is situated." [Id.]

If the 5th and 11th exceptions, as cited, were so entirely repugnant to each other as to admit of no reconciliation, and no aid could be derived from the subject matter intended to be acted upon by the legislature, we would be compelled to give effect to the latter. Let us see, then, if they are so repugnant and irreconcilable. It must be borne in mind that these exceptions, with many others, amounting in all to eleven, were all to the rule enacted in the first part of the section of the law, " that no person who is an inhabitant of this state shall be sued out of the county where he has his domicile." The fifth exception

so far qualifies the rule, that an administrator, no matter where his residence may be, shall not be sued out of the county where the administration has been taken out. It may have been considered a good reason for the provision, that, by requiring the suit to be brought where the succession was opened, it would be attended with less expense; and further, that it would enable the probate court, before which he was required to make a full return of his administration, the better to understand the good faith with which he had discharged the trust reposed in him. The language of the exception is plain and emphatic, and we are bound to give it effect, unless it is destroyed by the 11th exception. We believe that a fair construction can be given to the 11th exception without impairing the 5th; that is to say, that it applies to all cases of suit to be brought, not before provided for in the previous parts of the section. This would be giving effect, without destroying the object and meaning of the 5th exception, which evidently was to keep the transactions appertaining to estates as little scattered as possible.

It seems to us that there is no error in the judgment of the court below in sustaining the plea, and it is therefore affirmed.