## G. T. BONDIES ET AL v. T. R. BUFORD.

### SUPREME COURT, GALVESTON TERM, 1883.

*Jurisdiction.—Suit Against executors.*—Suits against executors or administrators must be brought in the county in which the estate or administration is pending The fact that under the provissons of the will the executor was exempted from the control of the Probate Court does not vary the rule. The rule is the same in regard to an independent executor as to an ordinary administrator.

George T. Bondies et al, appellants, v. Thos. R. Buford, appelleee. From Jefferson county.

This was an application for injunction, filed April 24, 1874, by appellants. George T. Bondies, William Bondies, and Laura George, joined by her husband, Wm. A. George, against appellee, T. R. Buford, executor of Letitia Simpson, deceased.

Buford, the defendant, resides in the county of Jefferson, in which the suit was brought, but the will of Mrs. Simpson was probated in the county of San Augustine, when she died, in the year 1861. At the time of her death she was the widow of Wm. H. Simpson, deceased. She was also the mother of defendant, Buford, by a former marriage. The plaintiffs are the children of Catherine E. Bondies, a daughter of Mrs. Simpson. The property of Mr. Simpson, consisted chiefly of lands in various counties of the State, and was derived by her by the will of her last husband, Simpson. By her will she gave a part of this property to the defendant, in his own right, and a part to him in trust for the benefit of Mrs. Bondies, or her children, the plaintiffs. In her will she provides that no action should be had in the Probate Court upon her estate other than the probate of the will and the filing of an inventory. She also gave to the defendant, Buford, .

or to the trustee, who might be appointed in his stead, "in the event of his death, removal or inability to act," power to manage and control the property, and sell, exchange and reinvest the same as he might deem best for the purposes of the trust.

Wm. H. Simpson, the husband of Letitia, died in 1855. His estate, which was large, consisted chiefly of land certificates, and and claims, scattered over a large part of the State. By his will which was probated in San Augustine county, he gave his wife, Letitia, the property of which she disposed in her will, above mentioned. Charged her with the payment of his debts, and made her and her son—the defendant, Buford—executrix and executor of his estate.

Mrs. Bondies, the mother of plaintiffs, died before her mother, and her children, having attained their majority, brought this suit for the purpose of restraining the executor, Buford, from any farther disposition of the property belonging to the estate of Wm. M. Simpson and Letitia Simpson as executor of said estate." They charged him with various acts of maladministration, such as diverting the property from the purposes of the trust, and converting it to his own use. They sought also, by propounding interrofiatorios, to discover what lands he had sold, belonging to the two estates, the monies he had received, etc.

The prayer of the petition is for a perpetuation of the injunction on final hearing and for general relief.

In an amended petition, filed September 17, 1874, they pray that the defendant may on fidal hearing " be restrained and enjoined perpetually from any further disposition, management or control as executor and trustee under said will of Letitia Simpson, deceased, and over the right, title and interest of plaintiffs as devisees, etc."

May 28, 1874, the defendant filed a plea to the jurisdiction. He alleges that Wm. M. and Letitia Simpson both died in San Augustine county ; that their wills were probated in that county ; that the estate of Letitia Simpson (as plaintiffs had shown) came to her by the will of heo late husband, Wm. M. Simpson ; that the estate of Wm. M. was being administered in San Augustine

county ; that it was largely indebted and involved, and was, in fact, insolvent ; that no estate of Letitia Simpson had come or could come to his hands until the estate of Wm. M. could be settled in said county.

September 14, 1874, defendant filed a motion to dissolve the injunction, setting up, among many others, the reasons above stated.

September 15th plaintiffs applied for a continuance and obtained leave to amend

The amendment set up, among other things, that the defendant was an independant executor of the will of Letitia Simpson, and had long resided n Jefferson cou ty, and instituted upon the jurisdictionn in that county.

Same day defendant filed exceptions and an answer to this last pleading, repeating many of the allegations of the original answer.

September 16th the court sustained the motion to dissolve the injunction, because (as stated in the order) the plaintiffs had a complete remedy at law ; because the court had no jurisdiction of the subject matter, and for want of equity in the bill.

On the 17th plaintiffs answered, making new parties defendant, reiterating more specifically their former allegations, and closing with the prayer which has already been set forth. This amendment was. upon motion, stricken out, and the cause dismissed, to which the plaintiffs excepted.

On the 18th platntiffs filed a motion to reinstate the injunction, and a motion for a rehearing, both of which which were overruled, and plaintiffs gave notice of appeal, but brought up the case by writ of error, the bond being filed March 1, 1876.

Opinion by Delaney, J.—Of the eight assignments or error we need consider only the sixth, which relates to the dismissal of the suit. Counsel on both sides treat this as the vital question in the case, and we concur with them. It is manifest from the record that the ground upon which the court proceeded was that it had no jurisdiction of the subject matter. And if the court

was correct in that view, the case is at an end. It is clear that the plaintiffs could not, in the district court of Jefferson county, maintain their suit against the defendant as executor of Wm. M. Simpson ; for that succession was still open, and the administration pending in the county of San Augustine. (Pasch. Dig., Art. 1423, Sec. 5 ; Neill v. Owen, 3 Tex., 145 ; Richardson v. Wells, Adm'r., Id. 223.)

But counsel insist that the statute above quoted, which requires suits to be brought against executors in the county in which the estate is administered, does not apply to this suit against the defendant as the executor of Mrs. Letitia Simpson. And the reason which they assign is, that by the provisions of her will he was exempted from the control of the Probate Court, and therefore might be sued elsewhere than in the county in which the will was admitted to probate.

We are not prepared to adopt this view. Some of the reasons for the general rule comprised in the fifth section of the statute requires suits against executors, etc., to be brought in the county in which the estate is administered, are given in the two cases above quoted of Neill v. Owen and Richardson v. Wells. Most of these reasons apply as well to the case of an independent executor as to an ordinary administration, and it appears to us that the rule ought to be the same in both cases

But it is not clear that the plaintiffs were proceeding against the defendant solely as executor of Mrs. Letitia Simpson. In the original petition they ask that he "be enjoined from any further disposition of the property belonging to the estate of Wm. M. Simpson and Letitia Simpson, as executor of said estate."

From the allegations of the petition it is clear that if Mrs. Simpson had any estate she acquired it under the will of her deceased husband. His estate was under the control of the Probate Court of San Augustine county, and we think the plaintiffs should have resorted to that county. Our opinion is that the judgment should be affirmed.