## DICKSON v. SCHARFF et al.

(Court of Civil Appeals of Texas. El Paso. Jan. 11, 1912.)

1. EXECUTORS AND ADMINISTRATORS (§ 436*)—ACTION—VENUE—STATUTES.

Rev. St. 1895, art. 1194, § 4, provides that where there are two or more defendants residing in different counties the suit may be brought in any county where one of the defendants resides; but section 6 declares that where a suit is against an executor, administrator, or guardian, as such, to establish a money demand against the estate which he represents, it must be brought in the county in which the estate is administered. Section 27 provides that when, in any law authorizing or regulating any particular character of action, the venue is expressly prescribed the suit shall be commenced in the county in which jurisdiction may be so expressly given. Held that, since section 6 expressly provides the venue of suits against administrators on money demands, such section controls section 4, so that a suit against an administrator on a money demand must be necessarily brought in the county where the estate is being administered, and not in the county where one of the defendants resides.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 436.*]

2. APPEARANCE (§ 23*)—PLEA OF PRIVILEGE—WAIVER OF OBJECTIONS TO VENUE.

A plea of privilege to be sued in another county is waived by defendant first filing a demurrer, by which he submits his person to the jurisdiction of the court.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 111–117; Dec. Dig. § 23.*]

Appeal from Harris County Court; A. E. Amerman, Judge.

Action by Raymond Dickson against Louis Scharff, as administrator of H. W. Wil-

liams, deceased, and another. From an order sustaining a plea of privilege and a special exception, plaintiff appeals. Reversed and remanded.

Raymond Dickson, for appellant. Sewall Myer and C. S. Bradley, for appellees.

HIGGINS, J. Appellant filed suit in county court of Harris county against Louis Scharff, administrator of the estate of H. W. Williams, deceased, and Chas. C. Green, upon an open account for medical services rendered by Green to the deceased. Green resided in Harris county, and the account upon which the suit is based was transferred by him to appellant, and its payment guaranteed, and judgment upon the guaranty against Green was sought.

The petition upon its face disclosed that Scharff resided in Limestone county, and that the estate of Williams was being administered therein.

Scharff filed in the order stated, general demurrer, special exception to the jurisdiction of the court over his person, because the petition upon its face disclosed that the suit should be prosecuted in the county court of Limestone county, plea of privilege asserting his right to be sued in Limestone county, general denial, and special matters of defense. The trial court sustained the special exception and plea of privilege, and its action in this matter is here sought to be revised.

[1] Section 4 of article 1194, Revised Statutes, provides that in suits where there are two or more defendants residing in different counties the same may be brought in any county where any one of the defendants resides, and the venue of the Harris county court is sought to be upheld under this section. Section 6 of this article reads: "Where the suit is against an executor, administrator or guardian, as such, to establish a money demand against the estate which he represents, in which case the suit must be brought in the county in which such estate is administered." And section 27 of the same article provides: "Whenever in any law authorizing or regulating any particular character of action the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given." Section 6 expressly prescribes the venue of suits against administrators upon money demands, and by virtue of section 27 it has controlling effect over section 4. Railway Co. v. Jenkins, 29 S. W. 1113; Railway Co. v. Foster, 44 S. W. 198. See, also, McKay v. Marshall National Bank, 16 Tex. Civ. App. 632, 42 S. W. 868; Richardson et ux. v. Wells, Adm'r, 3 Tex. 223; Neill v. Owen, 3 Tex. 145; Bondies v. Buford, 58 Tex. 266.

In Railway Co. v. Foster, supra, a writ of error was granted by the Supreme Court, and the judgment of the Court of Civil Appeals in part reversed; but its action in so doing does not impair the authority of the opinion of the Court of Civil Appeals upon the question here considered.

[2] Notwithstanding the views expressed above, the lower court erred in sustaining the special exception and plea of privilege, because the privilege to be sued in Limestone county was waived by the filing, first, of the general demurrer. Seley v. Whitfield, 24 Tex. Civ. App. 56, 58 S. W. 541. The effect of the filing of this demurrer was to first invoke the judgment of the court as to the legal sufficiency of the plaintiff's petition, and the administrator thereby submitted his person to the jurisdiction of the court. Had the general demurrer been sustained, its action upon the merits of the case would have been res judicata, and the cause there finally disposed of.

Reversed and remanded.