O'REAR et al. v. SIMER. (No. 7522.)

(Court of Civil Appeals of Texas. San Antonio. March 10, 1926.)

1. **Venue** ⬅️10—**In suit to remove incumbrance upon land and for damages, where incumbrances were removed prior to trial, overruling plea of privilege by defendants, one of whom was sued as guardian, to be sued in county of residence held erroneous (Rev. St. 1925, art. 1995, subds. 6, 14).**

In suit to remove incumbrance upon land under Rev. St. 1925, art. 1995, subd. 14, and for damages, where incumbrances had all been removed prior to trial, and neither defendants resided in county of suit, overruling plea of privilege *held* erroneous, especially as one defendant was sued as guardian, in view of article 1995, subd. 6.

2. **Abatement and revival** ⬅️19—**Where claim sued upon was never presented to guardian for approval and payment refused, plea in abatement held well taken (Rev. St. 1911, arts. 3457, 4051).**

In suit against guardian to remove incumbrances upon land and for damages, where incumbrances were released before trial and claim of damages had never been presented to guardian for approval and payment refused, plea in abatement *held* well taken, in view of Rev. St. 1911, arts. 3457, 4051.

Appeal from District Court, Cameron County; A. M. Kent, Judge.

Suit by J. W. Simer against Mrs. Lillie B. O'Rear, guardian of the person and estate of B. F. Raney, non compos mentis, and others. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

J. R. Stubblefield, of Eastland, for appellants.

G. R. Whitley, of San Benito, and Ira Webster, of Brownsville, for appellee.

COBBS, J. Appellee brought this suit in Cameron county against Mrs. Lillie B. O'Rear, guardian of the person and estate of B. F. Raney, non compos mentis, guardianship pending in the county court of Palo Pinto county, and also against Milt O'Rear,

her husband, all residing in Palo Pinto county, and Sep R. Hughes, who resides in Dallas county, to remove incumbrances upon title to land in Cameron county, and for damages.

The cause of action grows out of an alleged breach of agreement of B. F. Raney to comply with his agreement to furnish an abstract of title, which prevented appellee from carrying out his contract for the sale of said land to R. M. Dillard. However, supplemental abstracts showing the releases of the different sets of outstanding vendor's lien notes were filed for record as late as the day of trial.

The relief sought was:

"Plaintiff prays that each and all of the above-named defendants be cited, * * * that plaintiff have judgment canceling each and all of the above-described vendor's lien notes, including note No. 2 in the sum of $450 executed by the plaintiff to B. F. Raney in part payment of the land described in the plaintiff's petition; that the plaintiff have judgment against the said Mrs. Lillie B. O'Rear, guardian aforesaid, in the sum of $500 for damages sustained by plaintiff, and that the plaintiff have judgment against each and all of the defendants jointly and severally; for all costs of the proceeding, and for such other and further relief in law and in equity to which the plaintiff may show himself entitled."

[1] Lillie B. O'Rear and Milt O'Rear duly filed their sworn plea, asserting their privilege to be sued in Palo Pinto county, where they resided, and also because it was a suit to recover damages, a personal claim, against Lillie B. O'Rear, the guardian, the guardianship pending in the county court of Palo Pinto county. Said claim was never made out and presented to said guardian for allowance or refusal. Neither defendant resided in Cameron county at or before the institution of this suit.

The statute (article 1995, subd. 6) provides:

"If the suit is against an executor, administrator or guardian, as such, to establish a money demand against the estate which he represents, the suit may be brought in the county in which such estate is administered."

See Dickson v. Scharff (Tex. Civ. App.) 142 S. W. 980; McKay v. Marshall National Bank, 42 S. W. 868, 16 Tex. Civ. App. 632; Neill. v. Owen, Administrator, 3 Tex. 145; Bondies v. Buford, 58 Tex. 266.

As neither defendant resided in Cameron county the suit could not be maintained there, unless it came within the purview of subdivision 14 of article 1995, R. S., a suit to remove incumbrance upon land. That cause no longer existed, for at its trial the claim had become moot, (1) by furnishing the abstract that showed a good title, and (2) by showing a release of all incumbrances sought to be removed. The suit therefore was improperly brought in Cameron county against appellants.

It is said in Dickson v. Scharff, supra:

"Section 4 of article 1194, Revised Statutes, provides that in suits where there are two or more defendants residing in different counties the same may be brought in any county where any one of the defendants resides, and the venue of the Harris county court is sought to be upheld under this section. Section 6 of this article reads: 'Where the suit is against an executor, administrator or guardian, as such, to establish a money demand against the estate which he represents, in which case the suit must be brought in the county in which such estate is administered.' And section 27 of the same article provides: 'Whenever in any law authorizing or regulating any particular character of action the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given.' Section 6 expressly prescribes the venue of suits against administrators upon money demands, and by virtue of section 27 it has controlling effect over section 4. Railway Co. v. Jenkins [Tex. Civ. App.] 29 S. W. 1113; Railway Co. v. Foster [Tex. Civ. App.] 44 S. W. 198. See, also, McKay v. Marshall National Bank, 42 S. W. 868, 16 Tex. Civ. App. 632; Richardson et ux. v. Wells, Adm'r, 3 Tex. 223; Neill v. Owen, 3 Tex. 145; Bondies v. Buford, 58 Tex. 266."

[2] The plea in abatement was also well taken because the claim sued upon was never presented to the guardian for approval and payment refused. R. S. 1911 arts. 3457, 4051; Humphrey v. McCarty (Tex. Civ. App.) 251 S. W. 609; Whitmire v. Powell (Tex. Civ. App.) 117 S. W. 433.

No damage seems to have been done except that appellants may have caused delay in securing the abstract of title, but releases were secured before the trial, or rather disposition, of the case. This delay may have been the cause of additional expense to appellee, and should be borne by appellants, but no damage is shown to have been done to justify the judgment of the trial court. No substantial damage is shown by any testimony. It is shown that R. M. Dillard, the alleged purchaser of appellee's land, had already made cash payment of $1,200, and was now ready and had at all times been ready to complete his purchase, and ready now to execute the deferred notes. Dillard, after making the payment of the said money, had moved onto the land; and since the title was cleared, as shown by the delivery of the abstract and releases, there is no reason for any further delay or for the exercise of further powers of the court.

Technically, perhaps, the proper judgment that should be entered would be one to sustain the plea in abatement and dismiss the suit or sustain the plea of privilege and order the case transferred. That would be doing a useless thing, which courts never do. Substantial justice will be better subserved by reversing and rendering the judgment in this case.

The judgment of the trial court is reversed, and judgment is here rendered in favor of appellants, at appellants' cost.