Joe AMBERSON, Individually, and Joe Amberson, Independent Executor of the Estate of Olga Amberson, Deceased, Appellant,

v.

F. G. RODGERS & COMPANY, Appellee.

No. 12708.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 8, 1954.

Rehearing Denied Oct. 6, 1954.

John Peace, San Antonio, Sid L. Hardin, Edinburg, for appellant.

Park Street, Joe G. Street, Bobbitt, Brite & Bobbitt, San Antonio, for appellee.

## W. O. MURRAY, Chief Justice.

This is an appeal from an order overruling pleas of privilege on behalf of Joe Amberson, individually and as independent executor of the estate of Olga Amberson, deceased. The suit was instituted by F. G. Rodgers & Company, an accounting partnership, against Joe Amberson, individually and as such independent executor, seeking to recover certain sums of money alleged to be due the partnership by the defendants. Joe Amberson filed two separate pleas of privilege, one for himself individually and the other as independent executor. Both pleas were overruled by the trial court and Joe Amberson has prosecuted this appeal, both as an individual and as an independent executor.

Appellee relies upon Subdivisions 6 and 29a of Article 1995, Vernon's Ann.Civ. Stats. The deceased, Olga Amberson, died in Bexar County on or about September 10, 1950, at which time she resided in that county. In her will she named her husband, Joe Amberson, as independent executor of her estate. This will was probated in Bexar County on the 6th day of November, 1950. Letters testamentary were granted to Joe Amberson as independent executor on that date. As independent executor of said estate, Joe Amberson filed an inventory and appraisement and list of claims on November 2, 1951, and the same were approved by an order of the probate court on November 5, 1951. The present suit was filed on September 24, 1953.

Appellant contends that Subdivision 6 of Article 1995, supra, which reads as follows:

"Executors, administrators, etc.—If the suit is against an executor, administrator or guardian, as such, to establish a money demand against the estate which he represents, the suit may be brought in the county in which such estate is administered."

does not apply here, because he is an independent executor of the estate and not subject to the orders of the Bexar County Probate Court. He resides in La Salle County, Texas, and contends that the estate is actually being administered in La Salle County. We overrule this contention. In the early case of Bondies v. Buford, 58 Tex. 266, it was held that Subdivision 6, supra, applied to independent executors as well as ordinary executors. Subdivision 6 has been amended since that decision so as to make it permissive rather than mandatory, but this in no way changes the effect of the decision.

It is true that independent executors administer the estate free from orders of the probate court, but the probate court still retains jurisdiction over the estate in many respects. In this particular case the question of State inheritance tax still remains to be settled by the Probate Court of Bexar County. The fact that an executor is not required to give bond and acts independent of the orders of the probate court does not mean that the probate court loses its jurisdiction of the estate.

In King v. King, Tex.Civ.App., 230 S.W.2d 335, 338, the Court said:

"It may be further observed that, although the powers of an independent executor are not as restricted as those of a duly appointed administrator, the estate is still subject to the jurisdiction of the probate court and the control of an estate by an independent executor is no less an administration than it would be if such person were acting under the full control of the court. Roy v. Whitaker, 92 Tex. 346, 48 S.W. 892, 49 S.W. 367, and Simkins Administration of Estates in Texas, 3d Ed., Section 128, page 171."

The trial court properly overruled the plea of privilege on behalf of Joe Amberson as independent executor of the estate of his deceased wife.

This brings us to a consideration of whether the court properly overruled the plea of privilege of Joe Amberson acting as an individual. This depends upon the construction of Exception 29a of Article 1995, supra. Having held that this suit could properly be maintained in Bexar County against Joe Amberson as independent executor of the estate of his deceased wife, the only remaining question is whether Joe Amberson, individually, is a "necessary party" to that suit. The rule is that where, under the exceptions contained in Art. 1995, supra, a suit is properly maintainable against one defendant in a county other than the county of his residence, and the plaintiff therein joins another as defendant and seeks to sustain venue as to him under Section 29a, such other defendant is a necessary party within the meaning of Section 29a, if the complete relief to which plaintiff is entitled under the facts of the case as against the defendant properly suable in that county can be obtained only in a suit to which both defendants are parties. Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774. See also: Commonwealth Bank & Trust Co. v. Heid Bros., 122 Tex. 56, 52 S.W.2d 74; American Seed Co. v. Wilson, Tex.Civ.App., 140 S.W.2d 269; Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900; First National Bank in Dallas v. Pierce, 123 Tex. 186, 69 S.W.2d 756; Pioneer Building & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284; Beckham v. Pantex Pressing Mach., Inc., Tex.Civ.App., 135 S.W.2d 188.

This suit involves the following claims: (a) Payment for services rendered to appellant, individually, and to the estate of appellant's decedent, in connection with properties and interests jointly owned by appellant and the estate; (b) payment for services rendered to appellant, individually, in relation to his ownership of stock in a certain corporation; (c) payment for services rendered to appellant in connection with litigation against him; (d) payment for services rendered in the preparation of 1950 federal income tax return of appellant and his wife, who died in September, 1950; (e) payment for services rendered after the death of appellant's wife, to her estate and to appellant, individually, and in connection with various transactions and properties which composed the former community estate of appellant and his deceased wife, including estate and inheritance tax matters, as requested by appellant, in his own behalf and on behalf of the estate; (f) payment for services rendered to appellant and appellant's decedent, as husband and wife, during her lifetime, in disposing of a federal tax claim against the community estate for an alleged deficiency in 1947 and 1948, in the amount of $107,628.10; and (g) reimbursement for funds advanced at the request of appellant to pay taxes of a corporation in which appellant and his deceased wife were stockholders, directors and officers.

Joe Amberson, individually, is clearly a "necessary party" within the meaning of Exception 29a, supra, in this suit. The judgment of the trial court is affirmed.