**MITCHELL & MITCHELL PROPERTIES, INC., et al., Appellants,**

v.

**William A. BLAKLEY, Appellee.**

No. 17346.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 20, 1972.

Rehearing Denied Dec. 1, 1972.

Smith & Fulton, and Paul A. Smith, Vinson, Elkins, Searls, Connally & Smith, and Ben H. Rice, III, Houston, for appellants.

Walker, Choate & Walker, Dallas, Law, Snakard, Brown & Gambill, and Robert M. Randolph and Samuel A. Denny, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

In this venue case the question is of the propriety of the trial court's ruling sustaining venue in Tarrant County under the provisions of Vernon's Ann.Tex.St. Art. 1995, "Venue", Sec. 14, "Lands". Thereunder it is provided that venue exists in the county in which the land, *or a part thereof*, may lie when the objective of the suit is (a) to remove incumbrance, make recovery thereof, quiet title, etc., or (b) to recover because of damages done thereto.

It is important to distinguish between the objectives, (a) and (b), as indicated in the foregoing paragraph.

The situation of the instant case is to be viewed as one wherein oil, gas, or other minerals were withdrawn from a well in Denton County, Texas, on a tract of land comprizing property leased as a unit under a mineral lease, which included land in both Denton and Tarrant Counties. Suit was brought in Tarrant County to recover value for the minerals withdrawn. Defendants, or some of them, sought to remove the case. Pursuant thereto and largely through the action of defendants there was, before time for the hearing of the plea of privilege, a complete divestiture of any possible adversary interest by a defendant in the title to such of the land aforementioned as lay in Tarrant County, and a consequent investiture in the plaintiff of any possible interest therein as to which the parties might have held adversary interests.

By reason thereof it was the contention, at time of the hearing on the plea(s) of privilege, that plaintiff's case had become moot insofar as any Tarrant County land was involved and therefore one as to which venue would not be retained in that county.

Were the objective of plaintiff's suit among those encompassed by the portion of exception 14 of the venue statute which we denominated (a) in the first paragraph of this opinion the contention of mootness

would have been valid under authorities, including the following: Morris Plan Bank of Fort Worth v. Ogden, 144 S.W.2d 998 (Fort Worth, Tex.Civ.App., 1940, no writ hist.); O'Rear v. Simer, 281 S.W. 1099 (San Antonio, Tex.Civ.App., 1926, no writ hist.); and Martin v. Powell, 209 S.W.2d 369 (San Antonio, Tex.Civ.App., 1948, writ dism.).

But the objective of plaintiff's suit is under that part of said paragraph denominated (b), i. e., to recover damages. On appeal the defendants concede that accounting for production from land adversely held is a suit to recover damages to land. They apparently concede that insofar as plaintiff's case involves land in Denton County, adversely claimed, it is a suit for damages to land. Both the Denton County land and the Tarrant County land constituted a single tract for oil and gas purposes when there was the withdrawal because of which the plaintiff seeks accounting and recovery. That being true the question would not relate to the circumstances relative to title to such lands (as contemplated under Section 14 of the statute) at time of the hearing, but rather as related to the circumstances relative to the lands at time plaintiff's damage was allegedly sustained. In other words any disclaimer on the part of any defendant or any transfer or divestiture of title, etc., by any of them so that at time of the hearing there could be no adversary claim of interest therein would be wholly immaterial as applied to the objective of the lawsuit and would in no way affect it so as to make moot any issue of liability and damages. Such was the effect of the holding of an important venue case, Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69 (1945), wherein the importance of the distinction to be made was expressed, as follows: "As the word itself suggests, a disclaimer can affect only the rights of a defendant in the subject matter of the suit. It cannot affect liabilities asserted against him therein."

Developments between time suit was filed and time of the plea of privilege hear-

ing operated to end certain non-resident defendants' status as necessary parties. The order overruling their pleas of privilege was therefore erroneous. From expressions in the appellee's brief there is indication of his desire to dismiss them as parties. For that as well as other reasons we have concluded to remand the case as against them with instructions.

Insofar as the trial court's judgment overrules the pleas of privilege of Horace H. Bennett, Blanche Bennett, C. W. Slay, Ruth B. Slay, Sarah H. Wilson, Jack W. Wilson, Roberta Lindsey, Max A. Lindsey, Vesta Laster, and Nell Huddleston, it is reversed and remanded to the trial court with instructions to enter its order sustaining said defendant's pleas and transferring the cause as against them unless there should be a dismissal before the order is entered and effected.

Except as reversed and remanded with instructions as set forth in the foregoing paragraph the judgment order of the trial court as to all other appellants is affirmed. All points of error presented in their behalf have been severally considered and all are overruled.