Judge GAMBILL, Independent Executor of the Estate of Charles R. Mathes, Deceased, Appellant,

v.

Mary Baker MATHES, Appellee.

No. 18037.

Court of Civil Appeals of Texas, Dallas.

Jan. 25, 1973.

Rehearing Denied Feb. 22, 1973.

Judge Gambill, Morgan, Gambill & Owen, Fort Worth, for appellant.

Marvin Thomas, Dallas, for appellee.

GUITTARD, Justice.

In this appeal from an order overruling a plea of privilege our question is whether the proof establishes that the estate of Charles R. Mathes, deceased, is being "administered" in Dallas County within Vernon's Tex.Rev.Civ.Stat.Ann. art. 1995, subdv. 6, which provides:

> "If the suit is against an executor, administrator or guardian, as such, to establish a money demand against the estate which he represents, the suit may be brought in the county in which such estate is administered."

We hold that the estate is being "administered" in Dallas County, since the independent executor is acting under authority of the Dallas County probate court, although his administration is independent of the further orders of that court.

The widow of the decedent filed this suit in one of the district courts of Dallas County against the independent executor for a widow's allowance of $5,000 per month and for possession of her half of the community estate. The executor filed a plea of privilege to be sued in Tarrant County, where he resided. At the venue hearing the parties stipulated that defendant was acting as independent executor under a will probated in the probate court of Dallas County, that he had filed his inventory and appraisement, which was ap-

proved by the Dallas County probate court, and that he retained in his hands assets of the estate which had not been distributed. None of the assets listed in the inventory and appraisement appear to be located in Dallas County, and no evidence of the executor's individual residence was offered.

Defendant contends that the fact that he is administering the estate under authority of the Dallas County probate court does not establish that the estate is being "administered" in Dallas County. This precise point was decided adversely to defendant's contention in Amberson v. F. G. Rodgers & Company, 271 S.W.2d 846 (Tex.Civ.App., San Antonio 1954, writ dism'd), in which the court said that the fact that an independent executor acts independently of the orders of the probate court does not mean that the probate court loses jurisdiction of the estate, but that it retains jurisdiction "in many respects." As an example, the court observed that the question of the state inheritance tax remained to be settled by the probate court. We do not read Amberson as turning on pendency of the inheritance tax return [1] in view of the "many respects" in which the probate court was said to retain jurisdiction. Other examples of this continuing jurisdiction are the power to require an independent executor to give bond on proof that he is mismanaging the estate,[2] the power to partition and distribute the estate on application of the independent executor,[3] the power to file and record a sworn final account of the independent executor as evidence of termination of the administration,[4] and the power to appoint an administrator with will annexed on death, resignation or removal of the independent executor.[5]

Although the holding in Amberson that an estate is "administered" by an inde-pendent executor in the county where the will was probated may seem fictional, it is supported by the Supreme Court's interpretation of an earlier form of this subdivision as resting on the fiction that the estate is an entity which has its domicile in the county in which administration is granted. The Supreme Court based this interpretation on policy reasons, such as enabling the probate court to determine the good faith with which the administrator's trust has been discharged, and avoiding scattering the affairs of the estate by suits in several counties, which, the court feared, would result in confusion, increased expenses, and opportunities for fraudulent mismanagement and collusion with claimants. Richardson v. Pruitt's Administrator, 3 Tex. 223 (1848). In Bondies v. Buford, 58 Tex. 266 (1883), the Supreme Court observed that most of these reasons apply as well to independent executors and held that they should be governed by the same rule. We, too, see good reasons of policy for construing subdivision 6 as subjecting an independent executor, like any other executor or administrator, to suit in the county in which the administration was granted. He remains an officer of the probate court, which, in a sense, is still administering the estate through him. We conclude that Amberson was correctly decided and we follow it here.

Defendant also contends that this suit is not "to establish a money demand against the estate," within subdivision 6, and argues that this language includes only ordinary claims for debt against the estate. We see no reason for such a narrow interpretation. Plaintiff's claim for widow's allowance of $5,000 per month is certainly a "money demand against the estate" within the literal meaning of these words, and we know of no reason why the legislature should have intended a distinction between

1. Appellant points out that the probate court is no longer concerned with the state inheritance tax return, which must now be filed with the state comptroller under Tex.Tax.-Gen. art. 14.14 (1969), V.A.T.S.

2. Tex.Prob.Code Ann. § 149 (1956), V.A. T.S.

3. Id. § 150.

4. Id. § 151.

5. Id. § 154.

such a case and an ordinary suit for debt. History of this legislation indicates that no such distinction was intended. This language was not in the statute originally, but was inserted by the codifiers of the Revised Civil Statutes of 1879.[6] This subdivision was then mandatory rather than permissive, and the language limiting its scope to "money demands" appears to have been inserted to avoid the conflict with the mandatory subdivision governing land suits which the Supreme Court had pointed out in Neill v. Owen, 3 Tex. 145 (1848). A claim for a widow's allowance would not be in the category of suits that might be subject to a conflicting venue provision governing suits for the recovery of land.

We overrule also defendant's contention that his plea of privilege must be sustained because plaintiff's controverting plea was insufficient to allege venue under subdivision 6. Defendant points out that the plea does not mention subdivision 6, and does not allege specifically either that the estate is being administered in Dallas County or that the suit was brought to establish a money demand against the estate, and that these defects are not cured by the allegations of the petition because the petition is not incorporated into the controverting plea. However, the plea does allege the same sort of fictional domicile for the estate which the Supreme Court recognized in Richardson v. Pruitt's Administrator as the basis of the predecessor of subdivision 6, in that it alleges that defendant was appointed by the probate court of Dallas County, "and that such executorship is a creature of the Probate Court of Dallas County, Texas, and is domiciled in Dallas County, Texas."

The record fails to show that defendant objected in the trial court to any insufficiency of the controverting plea by special exception or by objecting to evidence. If such an objection had been made, the controverting plea could have been amended to remedy the defects. In the absence of objection in the trial court, these defects, like any other defect of pleading, were waived, and cannot be raised for the first time on appeal.[7]

Since venue was properly laid in Dallas County with respect to the claim for widow's allowance, and no contention was made that the claim for possession of the widow's share of the community estate was improperly joined or that it is governed by any mandatory provision of the venue statute, the plea of privilege was properly overruled with respect to the entire suit.

Affirmed.

6. Crosson v. Dwyer, 9 Tex.Civ.App. 482, 30 S.W. 929 (Tex.Civ.App., San Antonio 1895, writ ref'd).

7. Tex.R.Civ.P. 90; Leonard v. Maxwell, 365 S.W.2d 340 (Tex.Sup.1963); Tolson v. Carroll, 313 S.W.2d 131 (Tex.Civ.App., Waco 1958, no writ); North Texas Tank Co. v. Pittman, 290 S.W.2d 724 (Tex.Civ. App., Texarkana 1956, no writ); Strickland Transp. Co. v. Atkins, 223 S.W.2d 675 (Tex.Civ.App., Dallas 1949, no writ); Super-Cold Southwest Co. v. Green & Romans, 185 S.W.2d 749 (Tex.Civ.App., Fort Worth 1945, no writ).