H. L. LITTLE ET AL V. Z. T. GRIFFIN.

Decided November 14, 1903.

**Counties—Suit Against—Injunction—Venue.**
Where execution upon a judgment in favor of a county was levied on land in another county and an injunction to restrain the sale was sued out against the plaintiff county and the sheriff of such other county who made the levy, the writ was properly made returnable and tried in such other county, where the sheriff resided, by virtue of article 2996, Revised Statutes, regulating injunction suits and providing that where there is more than one party against whom the writ is granted it may be returned and tried in the county where either party resides. To hold that the venue was determinable under the general statute regulating venue (Rev. Stats., art. 1194) and governed by subdivision 19 of said article, providing that all suits against a county shall be tried in some proper court within such county, would be to allow a general provision in one statute to control a special provision in another.

Appeal from the District Court of Bosque. Tried below before Hon. William Poindexter.

*J. G. Browning, O. S. Lattimore,* and *Capps & Cantey,* for appellant.

*Lockett & Cureton, J. A. Gillette,* and *Robertson & Robertson,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Execution was issued on a judgment rendered in the District Court of Tarrant County in favor of Tarrant County, and was levied by the sheriff of Bosque County on a tract of land situated in that county. Appellee, who was the owner of the land and a stranger to the judgment and execution, obtained an injunction against said sheriff and Tarrant County, restraining the sale of the land. This injunction was made returnable to and was tried in the District Court of Bosque County, where the sheriff resided. Tarrant County sought to avoid a trial of the issue thus raised upon the ground that suits against a county can only be "commenced in some court of competent jurisdiction within such county," and being unsuccessful in the issue, has brought the case here by appeal.

It was held by this court in the case of Montague County v. Meadow, 31 S. W. Rep., 694, in which writ of error was denied, that section 1 of the original act to regulate proceedings in the district courts, prescribing the venue of suits, approved May 13, 1846, was inapplicable to suits against counties, which were governed by section 4 of an act passed May 11, 1846, providing, "that all suits against a county shall be instituted and prosecuted to final judgment in some court of competent jurisdiction within such county," and that the incorporation of this section in the Revised Statutes as subdivision 19 of article 1194 did not change the law as originally enacted; and this case is relied on by appellant to sustain the appeal.

We are of opinion, however, that as this was a proceeding by injunction we should look to the special provisions on that subject, as contained in

section 152 of the original act, and as now embodied in article 2996 of the Revised Statutes, rather than to the provision elsewhere found affecting venue of suits generally against counties. Turning to the injunction statute referred to we find that a writ of injunction like this is made returnable to the proper court of the county in which the party against whom it is granted has his domicile, and if "there be more than one party against whom any writ is granted, it may be returned and tried in the proper court of the county where either party may have his domicile." Leachman v. Capps & Cantey, 89 Texas, 690, 36 S. W. Rep., 250. Inasmuch then as the sheriff of Bosque County had his domicile in that county, and was a party against whom the writ was granted, it was by the very terms of the statute above quoted made returnable to the District Court of Bosque County. To hold otherwise would be to allow a general provision in one statute to control a special one in another, when the well settled rule of construction is to the contrary. Erwin v. Blanks, 60 Texas, 583, and succeeding cases.

The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.