RECEIVERS OF THE KIRBY LUMBER COMPANY v. EMMA C. MCLENDON.

Decided June 2, 1909.

**1.—Venue—Receivers of Lumber Company—Tram Road.**

The fact that a lumber company is authorized by its charter, among other things, to operate a tram railroad in connection with its business, and that said company did construct and operate a railroad as an incident to its business, would not bring such company within the purview and operation of the statutes fixing the venue in suits against railroads.

**2.—Same—Suits Against Receivers—Statute Construed.**

The intent of the Act of 1901 (Gen. Laws 1901, p. 31) was to fix the venue of suits against railroad corporations and the assignees, trustees or receivers of railroad corporations, and was not intended to fix the venue of suits against receivers generally.

**3.—Same.**

The law of venue as applied to private corporations, other than railroad corporations, is essentially different from that applied to the receivers of such private corporations. Private corporations themselves may be sued in any county in which the cause of action or a part thereof arose, or in which such corporation has an agent or representative, but suits against receivers of such corporations must be brought in the county in which their principal office is situated.

Appeal from the District Court of Jasper County. Tried below before the Hon. W. P. Powell.

*Baker, Botts, Parker & Garwood* and *Andrews, Ball & Streetman,* for appellants.

*Greer & Minor,* for appellee.—The appellants, the defendants below, were operating a railway in Jasper County, in the operation of which appellee's minor son, employe of appellants, was killed in Jasper County through the negligence and fault of appellants and their agents and servants. Therefore, the suit by appellee, Emma C. McLendon, was properly brought in the District Court of Jasper County, Texas. Sec. 1, ch. 27, Acts 27th Leg. (1901), p. 31; Revised Statutes, art. 1483, A. & E. Ency. of Law, vol. 12, p. 292; Beach on Receivers, secs. 365-366.

The court did not err in overruling the general demurrer of defendants, nor in refusing to charge the jury as requested by defendants' special charge No. 1, for the reason that the defendants were operating a railway in Jasper County, Texas, and actually engaged in carrying passengers and goods (though not for hire for the public), and by its negligence, while engaged in the operation of said railroad, inflicted injuries on John McLendon, plaintiff's minor son, while he was a passenger on its train, which injuries resulted in his death. Article 3017, Revised Statutes; Murphy v. Board, etc., 31 Atl., 230; article 4560f, Revised Statutes; Cunningham v. Neal, 101 Texas, 338; Lodwick Lbr. Co. v. Taylor, 39 Texas Civ. App., 302; Bammel v. Kirby, 19 Texas Civ. App., 198; Mounce v. Lodwick Lbr. Co., 91 S. W., 240.

FLY, ASSOCIATE JUSTICE.—Appellee sued appellants to recover

damages accruing by the death of her minor son, John McLendon, who was killed while in the employment of appellants as a water carrier.

The appellants filed a plea of privilege to be sued in Harris County, alleging that the Kirby Lumber Company was a private corporation, incorporated under the laws of Texas, with its principal office in Houston, Harris County, Texas. It was alleged that appellants had been appointed receivers of the corporation by the Circuit Court of the United States of the Southern District of Texas, and the plea proceeded thus:

"That the Kirby Lumber Company, as aforesaid, is a private corporation under the laws of Texas, chartered for the purpose of establishing and maintaining a lumber company, with the right and power, among other things, to purchase, lease, rent, and operate all necessary saw mills, planing mills, dry kilns, tram roads and other necessary incidents to such business; that said Kirby Lumber Company is not a railroad corporation, nor was it chartered for the purpose of constructing or operating a railroad; that incident to said lumber business the said Kirby Lumber Company constructed and operated certain tram roads for its own private use; that these defendants since their appointment as receivers of said Kirby Lumber Company have continued the operation of said tram roads for the purpose solely of carrying on the business of said Kirby Lumber Company, but that neither said Kirby Lumber Company nor these defendants as its receivers have at any time been engaged in operating a railroad or railway within the meaning of the statutes of this State fixing venue in suits against railroad company or the receivers of railroads."

The plea of privilege was overruled and a trial by jury resulted in a verdict and judgment for $5000 in favor of appellee.

It is clear that the Kirby Lumber Company is not a railroad company, but was chartered as a lumber company with the right and power to acquire and own lands by lease or purchase for the purpose of acquiring a supply of lumber and timber, to purchase, lease, erect and operate all necessary saw mills, planing mills, dry kilns, tram roads, and all other necessary incidents to such business, and to manufacture and sell lumber, timber and logs. Under the authority granted by the charter the corporation was empowered to build tramways necessary for the prosecution of its business. From the evidence it appears that the lumber company, in pursuance of its charter powers, built twelve miles of railroad track, consisting of steel rails laid upon ties, with a standard gauge, and operated thereon locomotives propelled by steam, like those on any other railroad, and which were attached to and carried flat and box cars laden with lumber and other material and the employes of the corporation to and fro on the track. The tramroad was undoubtedly a railroad, but that fact did not change the lumber company into a railroad company any more than the purchase and ownership of land would change it into a land company. It was still a lumber company, and in arriving at the proper solution of the question of venue of suits against its receivers recourse must be had to other statutes than

those applying to railroad companies. Every owner of a railroad is not necessarily a railroad company, but a rice company, a sugar company or a company organized for other purposes might own a railroad as an incident to its business just as it might own horses or cattle as an incident to its business. Owners of hotels often own the necessary machinery for manufacturing the electricity or heat to be used in their buildings, but that would not make them electric light or heating companies.

The Act of 1901 (Gen. Laws, p. 31), prescribes the venue for suits "against railroad corporations or · against any assignee, trustee or receiver operating any railway in the State of Texas," and it is contended that while the first part refers to railroad corporations alone, the latter comprehends the trustee, assignee or receiver who may be operating a railway, whether he is acting for a railroad company or for any private corporation chartered for other purposes than operating a railroad, but which as in this case may own and operate a railroad as an incident to the business for which it was created. We do not think such a construction was within the contemplation of the makers of that law, but that the plain intent is to fix the venue as to suits against railroad · corporations and the assignees, trustees or receivers of such railroad corporations.

The receivers in this case do not operate a railway as the representatives of a railroad corporation, but are the representatives of a lumber company operating a railway merely as an incident to the lumber business, and the venue as to them must be fixed by statutes having reference to other private corporations than railway companies. In subdivision 23 of article 1194, Revised Statutes, it is provided that "Suits against any private corporation, association or joint stock company may be commenced in any county in which the cause of action or a part thereof arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated." Had this suit been instituted against the corporation and not the receivers the venue would undoubtedly be properly laid in Jasper County, but after fixing the venue for suits against railroads and their receivers it is further provided that "Suits against receivers of persons and corporations may also be brought as provided for in article 1484." In that article it is provided that "Actions may be brought against receivers of a corporation in the county where the principal office of said corporation may be located." It will be seen that the law of venue as applied to private corporations, other than railway corporations, is essentially different from that applied to the receivers of such private corporation. We need not concern ourselves with the probable reasons that may have moved the legislative mind in creating the difference as between corporations and their receivers. It is sufficient for judicial purposes to ascertain that it has been done, and then enforce it. There may be a reason for permitting private corporations themselves to be sued in any county in which the cause of action or a part thereof arose, or in which such corporation has an agent or representative, but to restrict suits against receivers of such corpora-

tions to the counties in which their principal offices may be situated, but whether there is or not it is so written and it must be enforced.

The judgment of the District Court is reversed, and it is ordered and decreed that appellants' plea of privilege to be sued in Harris County be sustained, and that the venue be changed to the District Court of the Eleventh District in Harris County, and that the clerk of the District Court of Jasper County shall make up a transcript of all orders made in said cause, certifying thereto officially under the seal of the court and transmit the same with the original papers in the cause to the clerk of the said District Court of Harris County.

*Reversed and remanded.*