Tex.)  COMMONWEALTH BONDING & CASUALTY INS. CO. v. BOWLES  611

defensive matter, and correct a defective plea theretofore filed. If on account of the rulings of the trial judge upon demurrer appellee had been forced or induced to proceed with the trial upon defective pleadings, it would be our duty to remand the case in order that it might have an opportunity to correct the defects, but no exceptions were urged to its pleadings. Vernon's Sayles' Civil Statutes, art. 1626, which controls our action in matters of the kind under consideration, provides that, when a judgment or decree of the trial court shall be reversed, this court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial in the court below.

Our Supreme Court, in Thompson v. Eanes, 32 Tex. 191, 195, in passing upon this article, which was numbered 1562 in the statutes at that time, announces the effect of the article as follows:

"The other position taken in the application for a rehearing, to show the error of the court for remanding, we consider well taken. By article 1562 we are not permitted to remand the cause to the district court, 'except when it is necessary that some new matter of fact be ascertained, or damages to be assessed, or the matter to be decreed is uncertain.' "

In Gregory v. Montgomery, 23 Tex. Civ. App. 68, 56 S. W. 231, Pleasants, J., said:

"If appellee had made any defense to plaintiff's suit in his pleading, other than a general denial and a plea of limitation, which was not sustained by the evidence, notwithstanding the fact that he offered no evidence, and elected to risk his case on the theory that plaintiff's evidence was insufficient to entitle him to recover, it might be proper for us to remand the case and allow appellee to prove his defense. It was appellee's duty to try his whole case, and we know of no rule of law that requires this court to give him two chances, not only in proving, but in alleging, his defense, if any he has. To adopt such a rule would be to prolong and delay the administration of justice, and would prevent the termination of litigation by the rendition of judgments by appellate courts, in all cases in which the evidence discloses that there may be facts in existence which, if properly alleged and proven, might demand a different judgment than the one properly rendered on the facts before the court."

In Michigan Savings & Loan Association v. Atteberry, 16 Tex. Civ. App. 222, 42 S. W. 569, Judge Lightfoot, in discussing this question, said:

"Under the eighth ground of the motion for rehearing it is contended that the case should not have been reversed and rendered, because the record shows that Bigsby had paid his monthly installment on his stock in the loan company up to and including May 23, 1893, and that the record fails to show the amount of monthly installments so paid, thus leaving a question of fact to be determined by the trial court. This proposition is not well taken, for the reason that no such issue was made in the pleadings. The petition of appellee sets up the execution of the note and its transfer to appellant, and seeks to cancel the lien. The cross-bill of appellants sets up the note and lien, and asks for the enforcement of the lien against the property. No question of any credit upon the lien debt was raised by either party. The case should not be remanded for trial upon issues not made by the pleadings."

Writ of error was denied in this case.

In presenting its defense in the trial court appellee did not urge the issue of its liability to pay less than the face value of the contract under the provisions of the statute quoted in the original opinion, but rested its defense upon an absolute release from all liability by reason of the suicide of the assured. The cases cited in the motion to sustain the position taken are not applicable. It seems to be the general rule that, where the pleadings are sufficient, and because of erroneous rulings of the court, either upon pleadings or in the admission of evidence, the facts of the case have not been fully developed upon reversal of the judgment, the case will be remanded. Article 1626, supra, requires the appellate courts to adopt this course, but the rule is not applicable, and cases should not be remanded in order that counsel may plead defenses not interposed at the first trial and introduce evidence tending to sustain the new facts pleaded.

The motion is overruled.

———

COMMONWEALTH BONDING & CASUALTY INS. CO. et al. v. BOWLES.
(No. 1097.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 24, 1917. On Motion for Rehearing, Feb. 28, 1917.)

1. STATUTES &⇒227—CONSTRUCTION—"MAY."
Ordinarily the word "may," as used in legislative enactments, denotes permission, and will not be construed as having a mandatory effect, though it will be given such meaning if such appears to have been the intention of the Legislature, to be ascertained from an examination of the whole of the enactment on the subject under the regular rules of construction (citing Words and Phrases, First and Second Series, May).

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 308, 309.]

2. RECEIVERS &⇒173—SUIT AGAINST—LEAVE OF COURT.
In the absence of statutory law, a receiver could be sued only with the permission of the court appointing him.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 327–332.]

3. RECEIVERS &⇒177—SUIT AGAINST—VENUE—STATUTES.
By Rev. St. 1911, arts. 2146, 2147, providing that receivers may sue or be sued in any court of the state having jurisdiction of the cause of action without first having obtained leave of the court appointing them, and that actions may be brought against receivers of a corporation in the county where its principal office may be located, it was the intention of the Legislature, in granting permission to sue, to permit suits only in the venue prescribed, article 2146 being intended to grant general permission to bring suit without obtaining an order of the

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

court appointing the receiver, and article 2147 being intended to fix the venue.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 345.]

4. RECEIVERS ⊙⟶177—SUIT AGAINST—VENUE —STATUTES.

Suits against receivers, venue for which is prescribed by Rev. St. 1911, art. 2147, come within the terms of article 1830, § 30, providing that whenever in any law authorizing or regulating any particular character of action the venue is expressly stated, the suit shall be commenced in the county to which such jurisdiction may be so expressly given, and the particular provision of article 2147 for venue controls when in conflict with the terms of the general venue article.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 345.]

On Motion for Rehearing.

5. RECEIVERS ⊙⟶177—SUIT AGAINST—VENUE —STATUTES—"PRINCIPAL OFFICE."

Where all the officers of an Arizona corporation resided in Ft. Worth, Tarrant county, Tex., and out of the company's office at Ft. Worth proceeded all of the company's business, that county was the seat of the "principal office" of the company in Texas within the meaning of the general venue statute (Rev. St. 1911, art. 1830), and also the special statutes applicable to receiverships for corporations and suits against receivers (articles 2146, 2147, 2150).

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 345.

For other definitions, see Words and Phrases, First and Second Series, Principal Office.]

6. VENUE ⊙⟶5(1)—SUITS TO RECOVER LAND— PRIVILEGE—STATUTE.

The provision of Rev. St. 1911, art. 1830, subd. 14, that suits to recover land, etc., must be brought in the county in which the land is situated, does not affect the jurisdiction of other courts in such suits, furnishing only a venue privilege of which a party may avail himself like any other plea of privilege as to venue.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 4, 5, 10, 11.]

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Suit by J. C. Bowles against the Commonwealth Bonding & Casualty Insurance Company and others. From a judgment for plaintiff, defendants appeals. Judgment reversed, and defendants' plea of privilege ordered to be sustained, and the venue changed.

Ocie Speer and Marvin H. Brown, both of Ft. Worth, for appellants. Bean & Klett and W. F. Schenck, all of Lubbock, for appellee.

BOYCE, J. This suit was brought by the appellee, J. C. Bowles, in the district court of Lubbock county, against the Commonwealth Bonding & Casualty Insurance Company, J. W. Mitchell, and C. D. Hill, receivers of said corporation, and certain individuals residing in Tarrant county, Tex., for the purpose of recovering money and canceling a note and deed of trust paid and given in payment for stock in said company. The plaintiff alleged that his subscription for the stock in said company was procured by certain false representations, the fraud being perpetrated in Lubbock county; that the

note was invalid for such reason, and for the further reason that it was given in violation of the law prohibiting a corporation from issuing stock except for money paid, etc. The receiver, in due time and in proper order of pleading, filed a plea of privilege, claiming the right to be sued in Tarrant county. The defendants answered, denying the allegations of plaintiff's petition, and the receivers in a cross-action asked for judgment on said note executed by the plaintiff. It was alleged and shown upon the trial of the plea of privilege filed by the receivers that the principal office of the defendant corporation was at Ft. Worth, in Tarrant county, Tex.; that said corporation was created under the laws of the state of Arizona, for the purpose of doing a bonding, fidelity, and casualty insurance business; and that J. W. Mitchell and C. D. Hill were acting as receivers of the affairs and property of said corporation, under appointment of the district court of Tarrant county. The court overruled the plea of privilege, and, proceeding with the trial of the case, judgment was entered for the plaintiff on the merits.

C. D. Hill, one of the receivers, was discharged by order of the district court of Tarrant county, Tex., and he was dismissed from this suit, and the suit proceeded against J. W. Mitchell, as receiver.

The first assignment questions the action of the court below in overruling the plea of privilege filed by the receivers. The decision of this question depends on the construction to be placed on article 2147 of the Revised Statutes, which provides that:

"Actions may be brought against receivers of a corporation in the county where the principal office of said corporation may be located," etc.

[1] Ordinarily, the word "may," as used in legislative enactments, denotes permission, and will not be construed as having a mandatory effect, though it will be given such meaning if such appears to have been the intention of the Legislature, to be ascertained from an examination of the whole of the enactment on the subject under regular rules of construction. Rains v. Herring, 68 Tex. 468, 5 S. W. 370; San Angelo National Bank v. Fitzpatrick, 88 Tex. 213, 30 S. W. 1053; People v. City of Syracuse, 59 Hun, 258, 12 N. Y. Supp. 890; Bass v. Doughty, 5 Ga. App. 458, 63 S. E. 516; In re Chadbourne's Est., 15 Cal. App. 363, 114 Pac. 1012; Words and Phrases, 1st Series, vol. 5, pages 4421, 4446; 2d Series, vol. 3, pp. 335, 337, 345; Minor v. Mechanics' Bank, 1 Pet. 46, 7 L. Ed. 55.

[2] In the absence of statutory law, a receiver could only be sued with the permission of the court appointing him. The Legislature, by an act of 1887, providing for the appointment of receivers and regulating proceedings under such appointment, provided by section 8 of such act that such receivers might "sue or be sued in any court of this

state having jurisdiction of the cause of action, without first having obtained leave of the court appointing such receivers to bring said suit." Gammels Laws, vol. 9, p. 918. Section 9 of said act contains the provision of article 2147, Revised Statutes, as above quoted. These two sections of the act of 1887 appear on our statutes as sections 2146 and 2147, respectively.

[3] Under these circumstances we think it was the intention of the Legislature in granting the permission to sue, which had not theretofore existed, to permit suits only in the venue prescribed. As we construe the law, article 2146 was intended to grant general permission to bring the suits without obtaining order of the court appointing the receiver, and article 2147 was intended to fix the venue of such suits; the filing of the suit itself is not a matter of right except under the permission granted by the statutes, and this permission should not be extended beyond the terms of the statute granting it. This construction of the statute has been adopted by the Court of Civil Appeals for the Fourth District, in the case of Kirby Lumber Co. v. McLendon, 56 Tex. Civ. App. 279, 120 S. W. 227.

[4] As this suit is to remove cloud from title to land in Lubbock county, and plaintiff alleges that he was induced to execute the contract which is sought to be canceled by fraud alleged to have been committed in Lubbock county, the question then arises as to whether the respective provisions of the statute, with reference to venue in such cases (R. S. art. 1830, subds. 7, 14), will control, or the provision with reference to suits against receivers as we have construed it. The two provisions referred to are subdivisions of article 1830, and such article is styled by the statute, "Venue, General Rule." Subdivision 30 of this same article provides that:

"Whenever, in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which such jurisdiction may be so expressly given."

We are of the opinion that suits against receivers come within the terms of this section, and its particular provision for venue will control when in conflict with the terms of the general venue article, and this would perhaps be true, even in the absence of said subdivision 30. Little v. Griffin, 33 Tex. Civ. App. 515, 77 S. W. 635; Dickson v. Scharff, 142 S. W. 980; Neill v. Owen, 3 Tex. 145.

We are therefore of the opinion that the trial court should have sustained the plea of privilege. The judgment of the district court is reversed, and it is ordered that the receivers' plea of privilege to be sued in Tarrant county be sustained, and that the venue be changed to that county, in accordance with the provisions of article 1832 of the Revised Statutes.

## On Motion for Rehearing.

[5] It is true that the principal office of a corporation does often mean the place of the location of the office from which its principal business is to be transacted as designated in its charter, and such office constitutes the place of domicile of the corporation. If this is the only meaning to be attached to the term, a foreign corporation might not have a principal office in Texas. However, our statutes seem to contemplate that a foreign corporation may have such an office in Texas. Article 1314, Revised Statutes, contains a provision with reference to a foreign corporation establishing "a general office * * * in this state." Subdivision 28, art. 1830, Revised Statutes, provides that a foreign corporation may be sued in a county "in which the principal office of such company may be situated," meaning evidently thereby the office from which its business in the state is directed. The evidence here shows that all of the officers of this corporation resided in Ft. Worth, Tarrant county, Tex., and "out of the office at Ft. Worth proceeded all of the business of the corporation."

We think that Tarrant county can be said to be the principal office of the company in Texas, within the meaning of the general venue statute, and also the special statutes applicable to receiverships for corporations and suits against receivers.

Article 2150, Revised Statutes, provides that receivership suits against a corporation "shall be brought in this state in the county where the principal office of said corporation is located." Article 2146 grants general permission to sue receivers without permission of the court appointing them, and article 2147, as we have construed it, fixes the venue of suits against the receivers of such corporations in the county in which the corporation has its principal office. Perhaps a similar reason that prompted the enactment that an administrator must be sued in the county where the administration proceedings are pending was in the mind of the Legislature in passing this law. The property in each instance is in the custody of the court, being administered for the benefit of creditors and others interested in it, and it is obvious that it might be advantageous in the administration of the estates that suits against the officer of the court administering them should be brought in the county where the property is being administered. We have concluded, as did the court, in the case of Kirby Lumber Co., Receiver v. McClendon, 56 Tex. Civ. App. 279, 120 S. W. 227, that it was the purpose of the Legislature "to restrict suits against receivers of such corporations (that is, corporations other than railway corporations) to the counties in which their principal offices may be situated."

[6] While subdivision 14, art. 1830, provides that suits to recover land, etc., must be brought in the county in which the land is

situated, said provision does not affect the jurisdiction of other courts in such suits. It furnishes only a venue privilege, of which a party may avail himself like any other plea of privilege as to venue. State v. Patterson, 40 S. W. 224, and authorities there cited; Wolfe v. Willingham, 43 Tex. Civ. App. 167, 94 S. W. 362. So that said subdivision 14, art. 1830, is not different from the other imperatives of the venue statute. Subdivision 19, art. 1830, provides that suits against a county shall be brought "in some court * * * within such county." This provision was made to yield to the special provisions for venue in the statutes regulating injunction proceedings. Little v. Griffin, 33 Tex. Civ. App. 515, 77 S. W. 635. In Neill v. Owen, 3 Tex. 145, this very provision as to suits affecting land was subordinated to the provision for suits against administrators under the statutory enactments in force at that time. So we think that when it be ascertained that it was the intention of the Legislature to restrict suits against receivers of corporations to the counties in which the principal office of such corporation may be situated, it follows, under principles which we have announced, that the venue thus fixed by the laws governing this particular character of suits will control over the provisions of the general venue statute.

The motion for rehearing will be overruled.