**NATIONAL EQUITABLE SOC. et al. v. ALEXANDER et al. (No. 6118.)**

(Court of Civil Appeals of Texas. Austin. Dec. 10, 1919. On Motion for Rehearing, March 31, 1920.)

**1. Courts ⟨key⟩478—Receiver may be sued in court other than that in which receivership is pending.**

Under Rev. St. 1911, art. 2146, as to suits against receivers, a receiver may be sued in a court other than that in which the receivership is pending, for the purpose of establishing and reducing the claim to judgment.

**2. Corporations ⟨key⟩370(1)—Can do only those things authorized expressly or by necessary implication.**

Corporations can transact only such business and perform only such acts as are authorized by the express terms of their charters, or by necessary implication.

**3. Corporations ⟨key⟩435—Purchase of land in compromise ultra vires and promise to pay lien debt not binding.**

Under Rev. St. 1911, art. 1175, prohibiting private corporations from purchasing real estate other than such as is necessary to enable them to do business, the purchase of real estate by a corporation for the purpose of compromising a demand against it for breach of contract was ultra vires, and its agreement to pay a debt secured by a lien on the land was not binding.

**4. Corporations ⟨key⟩435—That transaction was profitable not determinative of corporation's powers.**

That the purchase of land by a corporation and the assumption of an indebtedness secured by a lien thereon may have been regarded by it, and may in fact have been, a profitable investment is immaterial in determining the corporation's power and authority to so obligate itself.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, McLennan County; George N. Denton, Judge.

Suit by James P. Alexander against the National Equitable Society, George W. Barcus, receiver, and others. From a judgment for plaintiff, the defendants named appeal. Reversed and rendered in part, and affirmed in part on rehearing.

See, also, 210 S. W. 602.

Alva Bryan and G. W. Barcus, both of Waco, for appellants.

W. L. Eason, of Waco, for appellees.

KEY, C. J. This suit was brought by J. P. Alexander, as plaintiff, against the National Equitable Society, a private corporation, G. W. Barcus, receiver of the corporation, B. T. Goodwin, Mrs. A. C. Goodwin, James N. Lemond, and C. S. Eichelberger, Jr. The plaintiff sought to recover upon a promissory note for $12,000, with interest and attorney's fees, and alleged that the note was executed by the defendants, Lemond and Eichelberger, for a part of the purchase money for certain real estate, comprising 76 lots out of the Monmouth Heights addition to the city of Waco; and that the defendant National Equitable Society had purchased from Lemond and Eichelberger the lots referred to, and had agreed to pay the note sued on.

The defendants National Equitable Society and G. W. Barcus filed a plea in abatement, on the ground that the National Equitable Society being. in the hands of a receiver appointed by another court, that court alone had jurisdiction. In addition thereto, they pleaded a general demurrer, general denial, and that the National Equitable Society was a corporation, and had no right or authority to assume the payment of the debt sued on, and that the acts of its officers in attempting to do so were ultra vires, and were prohibited by the laws of this state.

The defendants B. T. and Mrs. A. C. Goodwin were sued as indorsers. They filed an answer, the substance of which need not be stated, as they have not appealed, and are not complaining of the judgment rendered against them.

The case was submitted to the trial court without a jury, and judgment was rendered for the plaintiff against all of the defendants for $14,441.54, and the foreclosure of the vendor's lien on the real estate referred to; and the defendants National Equitable Society and G. W. Barcus have appealed. The judgment does not direct that any process issue for its enforcement, but directs that it be certified to the district court of Travis county, in which the receivership of the National Equitable. Society is pending, to be enforced by that court in the due order of administration of the receivership.

While appellants' brief contains several assignments of error, the appeal involves but two questions, which are: First, did the trial court commit error in overruling the plea in abatement? and, second, was the National Equitable Society, being a private corporation, without power and not authorized to purchase the real estate referred to, and assume the payment of the note sued on as a part of the purchase money, and were its acts in so doing ultra vires, and not binding upon the corporation?

The undisputed proof shows that the transaction occurred substantially as follows: The National Equitable Society was incorporated on the 5th day of August, 1912, and the second article of its charter reads thus:

"The purpose for which this corporation is formed is the transaction of business under subdivision 29 of article 642 of the Revised Statutes of the state of Texas, viz.: The accumulation and loan of money, but without banking or discounting privileges."

On the 23d day of February, 1918, the district court of Travis county appointed G. W. Barcus receiver of that corporation, and he was so acting at the time this case was tried in the court below. In 1914, the defendants Lemond and Eichelberger made application to the National Equitable Society for a loan of $5,000, and the society agreed to make them a loan for $4,000, and, after letting them have about one-half of the amount contracted for, the society being unable to comply with its contract to loan them $2,000 more, an agreement was entered into, as a result of which the National Equitable Society conveyed to Lemond and Eichelberger 909 acres of land in Jim Wells county, and the latter assumed the payment of a debt against that land, secured by a lien thereon amounting to about $8,000, principal and some interest, and Lemond and Eichelberger and their wives conveyed to the National Equitable Society the 76 lots heretofore referred to as a part of a suburban addition to the city of Waco, and the latter assumed the payment of the debt involved in this litigation; and as a part of the transaction Lemond and Eichelberger agreed to release the National Equitable Society from its contract to lend them $2,000 more than it had supplied.

[1] Upon the first question presented, we rule against appellants. With possibly some exceptions, not involved in this case, a receiver may be sued in a court other than where the receivership is pending, for the purpose of establishing and reducing to judgment a claim against the estate. R. S. art. 2146.

[2] The second question, while equally clear, requires more consideration. Unlike natural persons, corporations can transact only such business and perform only such acts as are authorized by the express terms of their charters, or by necessary implication. For elaborate and lucid discussions of that question, see the opinions of Mr. Justice Jenkins of this court, in Taylor Feed Pen Co. v.

Taylor National Bank, 177 S. W. 176, 181 S. W. 534, and Judge Sonfield of the Commission of Appeals, in the same case, 215 S. W. 850.

[3] Counsel for appellees do not controvert the general rules laid down concerning the doctrine of ultra vires, but make the contention that this case does not fall within the rules and doctrine referred to, because of the fact that in purchasing the real estate and assuming the payment of the note in question the corporation was compromising and settling a demand which Lemond and Eichelberger had against it for a breach of its contract to lend them a specified sum of money, and that for that reason, and in order to adjust the matter referred to, the corporation had the power to become the purchaser of the lots in question and assume the payment of the note in suit, which was secured by valid lien upon those lots.

We are unable to sanction that proposition. In this state private corporations are prohibited by statute from purchasing real estate, other than such as is necessary to enable them to do business (R. S. art. 1175); and, while it may be conceded that, if such corporation is the owner of a valid lien upon land, in order to protect itself it may become a purchaser when the property is sold under such lien, still it does not follow and is not true that it can become a purchaser thereof merely for the purpose of relieving itself from liability for damages because of the breach of a contract in no wise connected with the land so purchased.

[4] The fact that the transaction in question, which resulted in the corporation becoming the purchaser of the land and assuming the payment of the note sued on, may have been regarded by it, and may in fact have been a profitable investment, is a matter of no importance in determining the power and authority of the corporation to obligate itself in the manner referred to. Hence we hold that the promise of the National Equitable Society to pay the note sued on was ultra vires, and not binding upon that corporation, nor upon the receiver Barcus; and, as it has offered to reconvey the lots which were conveyed to it, and against which the note in question constitutes a lien, we hold that the trial court erred in rendering judgment against it and receiver Barcus; and that judgment is set aside, and the case remanded to the court below for further proceedings not inconsistent with this opinion.

Reversed and remanded.

BRADY, J., did not sit in this case.

### On Motion for Rehearing.

KEY, C. J. This motion has received due consideration, and on the main point of the law upon which the merits of the case depend we adhere to our former ruling. However, appellee contends that if we adhere to that ruling, the case should not be sent back for another trial, but should be finally disposed of by this court, and appellants concur in that contention.

Therefore the judgment of the trial court will be reversed and reformed so as to award to appellee no money judgment against appellants, National Equitable Society and G. W. Barcus, receiver thereof; and in all other respects the judgment of the trial court will stand affirmed.

Motion granted in part and in part overruled.