## BOWLES v. MITCHELL. (No. 348–3084.)

(Commission of Appeals of Texas, Section B. Nov. 15, 1922.)

Corporations ⚖560(9)—Receiver of corporation suable at plaintiff's option in county of corporation's principal office.

Rev. St. 1911, art. 2146, providing that receivers may sue or be sued in any court of the state having jurisdiction of the cause of action without first obtaining leave of the court appointing them, construed as meaning that receivers can be sued in any court of the state where such court would otherwise have jurisdiction of the cause, and article 2147, providing that actions may be brought against receivers of a corporation in the county where its principal place of business may be located, *held,* to permit suits at the option of plaintiff against the receiver in the county of the corporation's principal office, limited only by any mandatory provision contained in other articles of the venue statutes.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by J. C. Bowles against J. W. Mitchell, receiver for the Commonwealth Bonding & Casualty Insurance Company. The Court of Civil Appeals reversed a judgment sustaining a plea of privilege (192 S. W. 611), and plaintiff brings error. Reversed and remanded.

W. F. Schenk, of Graham, and Bean & Klett, of Lubbock, for plaintiff in error.

Olie Speer and Marvin H. Brown, both of Fort Worth, for defendant in error.

POWELL, J. The Court of Civil Appeals has given us an admirable statement of the nature and result of this case, as follows:

"This suit was brought by the appellee, J. C. Bowles, in the district court of Lubbock county, against the Commonwealth Bonding & Casualty Insurance Company, J. W. Mitchell, and C. D. Hill, receivers of said corporation, and certain individuals residing in Tarrant county, Tex., for the purpose of recovering money and canceling a note and deed of trust paid and given in payment for stock in said company. The plaintiff alleged that his subscription for the

stock in said company was procured by certain false representations, the fraud being perpetrated in Lubbock county; that the note was invalid for such reason, and for the further reason that it was given in violation of the law prohibiting a corporation from issuing stock except for money paid, etc. The receiver, in due time and in proper order of pleading, filed a plea of privilege, claiming the right to be sued in Tarrant county. The defendants answered, denying the allegations of plaintiff's petition, and the receivers in a cross-action asked for judgment on said note executed by the plaintiff. It was alleged and shown upon the trial of the plea of privilege filed by the receivers that the principal office of the defendant corporation was at Fort Worth, in Tarrant county, Tex.; that said corporation was created under the laws of the state of Arizona, for the purpose of doing a bonding, fidelity, and casualty insurance business; and that said J. W. Mitchell and C. D. Hill were acting as receivers of the affairs and property of said corporation, under appointment of the district court of Tarrant county. The court overruled the plea of privilege, and, proceeding with the trial of the case, judgment was entered for the plaintiff on the merits. C. D. Hill, one of the receivers, was discharged by the order of the district court of Tarrant county, Tex., and he was dismissed from this suit, and the suit proceeded against J. W. Mitchell, as receiver. The first assignment questions the action of the court below in overruling the plea of privilege filed by the receivers."

Upon consideration of the assignment of error last above quoted, the Court of Civil Appeals sustained the assignment, holding that the plea of privilege filed by the receivers should have been sustained. The court then proceeded to enter judgment, reversing the judgment of the district court, and ordering that court to sustain said plea of privilege and change the venue of the case to Tarrant county. See 192 S. W. 611. Bowles then applied to the Supreme Court for a writ of error, alleging that the decision of the Court of Civil Appeals herein is in direct conflict with the decision of the Court of Civil Appeals at Fort Worth in the case of Mitchell, Receiver, v. Hancock, 196 S. W. 694. The Supreme Court granted the writ, stating that the two cases are in "substantial conflict."

The case of Mitchell v. Hancock, supra, is practically identical, in its facts and relief sought, with the case at bar, and was brought against the same defendant in the district court of Baylor county. Chief Justice Conner wrote the opinion of the Court of Civil Appeals in that case, and held that the receiver could be sued in Baylor county, overruling the plea of privilege urged by said receiver. Judge Conner refers to the case at bar, and states that he cannot agree with the decision of the Court of Civil Appeals therein. He then treats the question ably and exhaustively, answering, as we think, the views expressed in the decision in the case at bar. We do not feel that we could do better than to quote that portion of Judge Conner's opinion dealing with the question now under discussion. It is as follows:

"The appellant, J. W. Mitchell, also presented, in due order of pleading as we conclude, his plea of privilege to be sued in Tarrant county. The plea recites the incorporation of the Commonwealth Bonding & Casualty Insurance Company under the laws of Arizona, and the purposes contemplated thereby, and further alleges that: 'The principal office and place of business of the said corporation of which he is the receiver was at all times, and is, in the city of Fort Worth, in Tarrant county, Tex.' Wherefore it is charged in the motion: 'Article 2147 of the Civil Statutes of Texas determines and fixes the suits against receivers of such corporations as is and was the Commonwealth Bonding & Casualty Insurance Company, and that the plaintiff herein cannot have and maintain this suit against this defendant, receiver as aforesaid of said corporation, in any court in Baylor county, but that this suit should and ought to be filed as against said receiver in the district court of Tarrant county at Fort Worth, Tex., which said county is the only place wherein suits may be filed against said receiver.'

"The court sustained the following special exceptions to the plea, viz.: 'Because the pleadings and the record in this cause show that this case was brought by W. L. Hancock v. Commonwealth Bonding & Casualty Insurance Company in the year 1912 for the purpose of canceling and rescinding the subscription contract set up in the plaintiff's petition, and of canceling the note therein set up and canceling the deed of trust therein referred to and removing the same as a cloud upon his title. And that said suit against said corporation has been pending in this court at all times since said date. And it further appears from the record that the said Commonwealth Bonding & Casualty Insurance Company had answered in said cause, and agreed to a continuance thereof, at every term of the court since the original filing of this petition; and therefore this court has jurisdiction as to said Commonwealth Bonding & Casualty Insurance Company. And it further appearing from the record that at a former term of this court the said Commonwealth Bonding & Casualty Insurance Company has answered herein and filed a plea in reconvention in this cause, and therefore it conclusively appears that this court has jurisdiction of this cause as to the said Commonwealth Bonding & Casualty Insurance Company. And it further appears that J. W. Mitchell, the receiver, has but succeeded to whatever rights the Commonwealth Bonding & Casualty Insurance Company had; and therefore it appears that this court has jurisdiction, both as against the Commonwealth Bonding & Casualty Insurance Company and said receiver.'

"The action of the court in sustaining the exceptions noted is made the basis of appellant's second assignment of error. As foreshadowed by the motion appellant's principal reliance is upon article 2147 of Vernon's Sayles' Texas Civil Statutes, which, so far as pertinent, reads: 'Actions may be brought against the receiver of the property of any person where said

person resides. Actions may be brought against receivers of a corporation in the county where the principal office of said corporation may be located.'

"Appellant's insistence is that this article is mandatory and not merely permissive; that the word 'may' should be construed as 'shall,' and used in an imperative sense so as to exclude the right to sue a receiver in any case in any county other than the county where the principal office of said corporation may be located. And this construction of the statute has been expressly upheld by the Court of Civil Appeals of the Seventh Supreme Judicial· District at Amarillo in the case of Commonwealth Bonding & Casualty Insurance Co. v. J. C. Bowles, 192 S. W. 611. In that case J. C. Bowles instituted suit in the district court of Lubbock county against the insurance company and against J. W. Mitchell, receiver, to recover money, to cancel a note and deed of trust given by Bowles in payment for stock in the company, upon the ground, as in this case, of fraud. In that case as in this the trust deed covered land situated in Lubbock county, and it was charged that the fraudulent representations were made in that county. J. W. Mitchell, receiver, presented, as here, his plea of privilege to be sued in Tarrant county, and, as stated, the court upheld his contention and transferred the suit as prayed for in the plea. The opinion fails to disclose whether that suit was originally instituted against the insurance company and its receiver, Mitchell, or whether, as in the case we have before us, the suit had been theretofore instituted and was duly pending against the insurance company at and prior to the appointment of the receiver. But whether the cases are to be thus distinguished or not, and notwithstanding the high regard we have for the opinions of the appellate court which thus determined the question in the Bowles Case, we have felt constrained to adopt a different conclusion. We have been led to our view by a consideration of a number of statutes other than the one relied upon by appellants relating to the question of venue and to suits against receivers, it being a familiar rule of construction that all laws pari materia must be construed with reference to each other.

"Article 2147, relied upon by appellants, is but the codified form of section 9 of an act of our Legislature approved April 2, 1887 (Laws 1887, c. 131). See 9 Gammell's Laws of Texas, p. 119. Section 8 of the same act appears in the codification as article 2146 of Vernon's Sayles' Texas Civil Statutes, and this reads as follows: 'When any property of any kind within the limits of this state has been placed, by order of court, in the hands of a receiver, who has taken charge of such property, such receiver may, in his official capacity, sue or be sued in any court of this state having jurisdiction of the cause of action, without first having obtained leave of the court appointing such receiver to bring said suit; and, if a judgment is recovered against said receiver, it shall be the duty of the court to order said judgment paid out of any funds in the hands of said receiver as such receiver.'

"Article 1830 of chapter 4 of the same statutes, relating to the subject of the venue of suits, declares the general rule to be that: 'No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases, to wit. * * *' Then follow 29 exceptions to the general rule as quoted. Because of the volume we will not here set out the exceptions referred to, but by an examination of the article it will be seen that of these exceptions some 19 are in the permissive form and some 10 in the mandatory or imperative. To illustrate, exception 10 reads: 'Where the suit is for the recovery of any personal property, in which case the suit may be brought in any county in which the property may be, or in which the defendant resides.' Exception 13 reads: 'Suits for the partition of lands or other property may be brought in the county where such lands or oth-. er property, or a part thereof, may be, or in the county in which one or more of the defendants reside.' Exception 14 reads: 'Suits for the recovery of lands or damages thereto, suits to remove incumbrances upon the title to land, suits to quiet the title to land, and suits to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie.' Exception 17 reads: 'When the suit is brought to enjoin the execution of a judgment, or to stay proceedings in any suit, in which case the suit shall be brought in the county in which such judgment was rendered or in which such suit is pending.' It is thus seen that the Legislature in regulating the question of venue had in mind the differing signification of the terms 'may,' 'must,' and 'shall,' and presumably used those differing terms in relation to the subject of venue advisedly, and this is further indicated by exception· 30 under said article 1830, which reads: 'Whenever, in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall· be commenced in the county to which jurisdiction may be so expressly given.'

"It will be conceded we feel sure that the ordinary meaning of 'shall' or 'must' is of mandatory effect, and that the ordinary meaning of 'may' is merely permissive in character. Indeed, it has been said that the word 'may' means 'must' only in those cases where the third persons or the public have an interest in having the act done or have a claim de jure that the power shall be exercised. Rains v. Herring, 68 Tex. 468, 5 S. W. 369; Houston, E. & W. Ry. Co. v. Harding, 63 Tex. 162. Again, that 'before treating it (may) as a word of command, there should be something either in the subject-matter or the context to indicate an intention that it was employed in that sense.' San Angelo National Bank v. Fitzpatrick, 88 Tex. 216, 30 S. W. 1054. We see no reason why we should give to the word 'may,' as used in article 2147 relied upon by appellants, a meaning other than its natural one. This suit, as already shown, was originally instituted in Dawson county, where was located the land upon which appellee's trust deed rested. He specifically prayed that the cloud thereby cast upon his title should ·be removed, and his suit therefore expressly came within the fourteenth exception, above quoted, to the general rule prescribing the venue of suits. That exception is imperative in form. Had the suit been instituted in any other county, the petition so showing the facts would have been subject to exception, and it is not contended that the suit was

not originally instituted in the proper county. That by agreement of all parties the suit was later transferred to Baylor county we think can make no difference in the principle involved in the question before us. We treat the question as in principle precisely the same as if the suit was yet pending in Dawson county. To adopt appellant's construction of article 2147 would be to clearly have two directly conflicting provisions relating to the venue. of this suit; one (exception 14) expressly requiring the suit to be brought in Dawson county, the other (article 2147) expressly commanding the suit to be brought under the facts alleged in Tarrant county. Both could not be complied with if appellant's construction be adopted.

"It is well settled that statutes are not to be construed as conflicting unless such construction cannot be reasonably avoided, and in the case before us we think the proper construction of article 2147 is to declare the article permissive in effect and not mandatory so as to conflict with and prevent the operation of other mandatory exceptions in the chapter relating to the subject of venue. This construction as it seems to us, is fully justified by the very general language of article 2146, which we have already quoted. The language there is that a receiver 'may, in his official capacity, sue and be sued in any court of this state having jurisdiction of the cause of action without first having obtained leave of the court appointing such receiver to bring such suit.' This article, as it seems to us, includes something more and provides beyond the alteration of the general equity rule theretofore existing that a receiver could not be sued without first obtaining leave of the court which appointed him. As it seems to us, it was further intended in the article to confer upon any court within this state, otherwise having jurisdiction of the cause of action, to therein sue tne receiver, and that the terms here quoted are not to be limited, as appellant insists, to courts having jurisdiction of the subject-matter in the particular county where the principal office of the corporation may be located. Nor in a general way do we find any satisfactory reason why the construction insisted upon by appellant should be adopted. The appellee's suit was not one in rem. In no way is it sought to disturb the possession of property belonging to the corporation which has come into the receiver's hands, nor to interfere with the proper orders of the court appointing him. The receiver in a general way is but the representative of the corporation, and as such undoubtedly entitled, under the orders of the court appearing in this case, to enforce demands of the corporation for unpaid subscriptions for capital stock, but in doing so we know of no general principle which renders it necessary that he shall be accorded any greater right in the respect we are considering than exists in the corporation which he is representing. The plaintiff in this suit sought merely to establish the alleged invalidity of obligations which the receiver may claim, and does claim, to constitute assets which, in a proper proceeding, he is entitled to recover, but no reason is perceived why, if entitled to enforce these demands, they may not be as well enforced in a district court of Baylor county as in a district court of Tarrant county. Both courts are clothed with equal powers; and, the district court of Baylor county having without doubt acquired jurisdiction of the parties and subject-matter in this suit long prior to the appointing of a receiver, there can be found, as we think, no justification in the law for a removal of the cause to a court of Tarrant county of no greater powers. Ordinarily it is said that in order to make the receiver a proper codefendant with the original debtor in an action against the latter, 'some right to relief at the receiver's hands should be stated and some relief prayed as against him.' See High on Receivers (3d Ed.) § 258. And in the next section (259), it is said: 'The appointment of a receiver over the effects of one of the defendants, in an action for the foreclosure of a mortgage, constitutes no bar to the continuance of the action, if properly begun; and such appointment can at most only render the action defective as to parties, so as to render it necessary for the plaintiff to bring the receiver before the court by a supplemental bill in the nature of a bill of revivor. And even this course is not necessary when the parties in interest are sufficiently represented before the court to enable it to properly determine the controversy.'

"In the present suit no act of the receiver was complained of by the plaintiff or any right to any relief at the receiver's hands set up. It would seem that he was made a party merely in order to conclude him by the decree. He does not object to taking part in the litigation, but, on the contrary, affirmatively asserts rights in behalf of the corporation to choses in action claimed by it; and, as already stated, we think he can be accorded all the relief to which he may show himself entitled in the district court of Baylor county. See, also, what was said on this subject in the opinion of Mr. Justice Dunklin in Mitchell, Receiver of Commonwealth Bonding & Casualty Insurance Co. v. Porter (No. 8534) 194 S. W. 981, this day decided. We therefore, on the whole, conclude that appellant's second assignment of error should be overruled."

It will be observed that Judge Dunklin, for the same court, made a similar holding on the same day in the case of Mitchell, Receiver, v. Porter, 194 S. W. 981. The receiver made application for writ of error in the Porter Case, supra, and the same was granted. The cause was referred to Section B of the Commission of Appeals, and the opinion written by Judge Sadler. See 223 S. W. 197. The Commission of Appeals sets out specifically all the grounds urged in the application by the receiver, and the ruling of the Court of Civil Appeals sustaining the jurisdiction of the Baylor county court was not even attacked. Consequently the Commission did not pass upon this question.

We have searched the records of the Supreme Court and fail to find that the receiver filed any application for writ of error in the case of Mitchell v. Hancock, supra. If it had been filed, the records in the office of the clerk of the court would show it. They do not.

The attorneys for the receiver in the case at bar have filed no brief in an effort to counteract the aforesaid opinion of Justice Cohner. We think, after mature consideration, that his construction of these two articles of the statutes (Rev. St. arts. 2146 and 2147) is correct, and that the Court of Civil Appeals in the instant case is in error. The latter court holds, briefly, that prior to 1887 a receiver could only be sued with the permission of the court appointing him; that in 1887 the Legislature passed article 2146, which merely grants general permission to sue receivers without permission of the court appointing them, and also enacted, at the same time, article 2147, fixing the venue of suits against the receiver of a corporation in the county of its principal office. In other words, the Court of Civil Appeals, in the instant case, holds that a receiver cannot be sued anywhere except in the county where the principal office of the corporation is located. These articles of the statutes are quoted by Judge Conner, as shown herein. The Amarillo Court, in effect, concedes that article 2147, standing alone, would be merely permissive, and would not fix venue in one county only. But they say that, taken in connection with article 2146, it must be so construed. If the only purpose of the Legislature in enacting article 2146 was to authorize suits against receivers without permission of the courts appointing them, then nearly all the language of said article is mere surplusage, and meaningless. The article provides that the suits may be brought "without first obtaining leave of the court appointing such receiver." If that was the sole purpose, then why does the article go further, and say that the receiver may "be sued in any court of this state having jurisdiction of the cause of action"? To us the answer is clear. The Legislature intended to provide, as its plain language imports, that receivers could be sued in any court of this state where such court would otherwise have jurisdiction of the cause of action. On the other hand, by article 2147 the Legislature permitted suits, at the option of any given plaintiff, against the receiver in the county of the corporation's principal office, limited only, of course, by any mandatory provision contained in other articles of the venue statutes.

If the Legislature had intended the statutes to have the effect given them by the Amarillo court, they could much more simply have provided that receivers of corporations may sue or be sued without first obtaining the permission of the courts appointing them, but only in a court in the county of the principal office of the given corporation. But, the Legislature did not so provide. By enacting the two articles now under consideration, it expressly, in our opinion, disavowed any intention to show any such partiality to receivers, but made them subject to the venue laws of our state, just as others, including the corporations themselves, are.

The Court of Civil Appeals, in the case at bar, cites only one decision in support of its construction of these statutes, and that is the case of Kirby Lumber Co. v. McLendon, 56 Tex. Civ. App. 279, 120 S. W. 227. We doubt if this decision sustains the Amarillo Court. We are rather confirmed in this view by the fact that the same judge, Chief Justice Fly, of the same court, in a later case, held that receivers, under article 2146, could be sued in counties other than where the principal office of the corporation may be located. See Houston Ice & Brewing Co. v. Clint, 159 S. W. 409. In that case the Supreme Court refused a writ of error.

Since the Amarillo Court wrote its opinion in the case at bar, we do not find that its construction has been followed by any other Court of Civil Appeals, and the question does not appear to have reached the Supreme Court. However, other Courts of Civil Appeals have held that receivers can be sued in counties other than the county where the corporation's principal office is located. We now refer to some of them. Justice Moursund so held in case of Mudge v. Hughes (Tex. Civ. App.) 212 S. W. 819, citing many authorities. Chief Justice Key so held in case of National Equitable Society et al. v. Alexander et al. (Tex. Civ. App.) 220 S. W. 184. In the instant case, Bowles sued to remove cloud from title to land located in Lubbock county, and to cancel a contract procured by fraud alleged to have occurred in the same county. Under all the statutes discussed by Judge Conner, above set out, the district court of Lubbock county clearly had jurisdiction of the case at bar. The plea of privilege filed by the receivers was properly overruled by the district court, in our judgment. Therefore we think the judgment of the Court of Civil Appeals ordering the case transferred to Tarrant county should be reversed.

Having taken the view it did of aforesaid assignment of error, the Court of Civil Appeals, in the case at bar, did not pass upon the merits of the case. The briefs of both parties contain numerous assignments, many involving issues of fact peculiarly within the jurisdiction of the Court of Civil Appeals. The case was submitted to the jury upon 25 special issues. We think the cause should be remanded to the Court of Civil Appeals for consideration of the assignments of error heretofore unacted upon by that court. See Barkley v. Gibbs (Tex. Com. App.) 227 S. W. 1099; Morrison v. Neely (Tex. Com. App.) 231 S. W. 728.

Therefore we recommend that the judgment of the Court of Civil Appeals be re-

versed, and the cause remanded to it for further consideration, as hereinbefore indicated.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and cause remanded to the Court of Civil Appeals for consideration of undisposed of assignments.