KIRBY et al. v. BARKER. (No. 1587.)

(Court of Civil Appeals of Texas. El Paso. Feb. 21, 1924.)

1. Venue �dés8—Action for fraud against receiver of corporation held properly brought in county other than receiver's residence.

An action by an attorney against the receiver of a corporation to recover for fraud in inducing the purchase of stock of the corporation held properly brought, under Rev. St. art. 1830, in the county where the fraud was committed, though it was other than the county of the receiver's residence.

2. Venue ⨪8—Allegations of fraud held sufficient to establish venue in county where committed.

Allegations of plaintiff, a lawyer, suing the receiver of a corporation for fraud, inducing the purchase of stock of the corporation, that it had been falsely represented to him that the corporation desired his services but in order to employ him it would be necessary for him to purchase a nominal amount of stock, and that, pursuant to false representations as to the assets of the corporation, he had made such purchase, held sufficient allegations of fraud to entitle him under Rev. St. arts. 1830 and 2308, to maintain his action in the county where the alleged fraud was committed, though other than that of defendant's residence.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by J. D. Barker against A. H. Kirby, receiver of the Equitable Company, a corporation, and others. Pleas of privilege filed by defendants were overruled, and they appealed. Affirmed.

Baylor B. Brown, of Fort Worth, for appellants.

Conner & McRae, of Eastland, and Owen D. Barker, of Galveston, for appellee.

HARPER, C. J. J. D. Barker, a lawyer, residing in Eastland county, Tex., brought this action against A. H. Kirby, receiver of the Equitable Company, a corporation, J. W. Head, J. C. Von Arx, and Sam Everett, in the district court of Eastland county, Tex., and for cause of action alleged, in substance:

That the defendants were residents of Tarrant and Dallas counties, Tex.

That Sam Everett, agent of the Equitable Company, came to plaintiff's office in Eastland county, Tex., and represented to plaintiff that the Equitable Company desired to employ a local attorney by contract; that it would be necessary for the attorney that they employed to buy a nominal amount of stock in the company.

That said Everett represented to him that the company owned real estate in fee simple to the value of $454,887 and tax title property to the value of $913,660; that by allowing a percentage of 17.4 per cent. for redemptions the company would own $754,683, making a total of fee simple and tax title real estate of the value of $1,209,570; that these were only 35,080 shares of stock outstanding, thus making a net worth of each share of $34.48. And as evidence thereof exhibited a statement prepared by Schooler Byrd & Co. certified public accountants of Dallas county. That he afterwards went to the office of the said company and there met Head, the president, and Von Arx, the secretary and treasurer, and that the representations were confirmed by them, and alleged in detail matters of conversation which he charges led up to his purchasing 50 shares of the stock of the company at $20 per share as a part consideration for the execution of a contract of employment of him as attorney for which he paid defendants $1,000.

"Plaintiff now says that all of said representations made by the defendants were false, and were known to be at the time they were made, and when the plaintiff paid for said stock it was not of the market value of $10 per share, and that in truth and in fact the Equitable Company owed debts to the approximate

amount of $60,000 and only had assets of the approximate value of $300,000, and that the contract entered into was merely a scheme to sell the plaintiff stock and the Equitable Company has never intended to use the plaintiff as its attorney in Eastland, Stephens, Shackleford, and Callahan counties, in the state of Texas; and that the defendants well knew all the facts last mentioned when they obtained the agreement and sold the stock as aforesaid."

That upon discovery of the fraud he tendered back the stock and demanded a refund of this $1,000 and now sues for said sum with interest and for cancellation of the said contract of employment.

The defendants filed verified pleas of privilege to be sued in Tarrant county.

The plaintiff filed his controverting affidavit in which he set up substantially the matters above noted in his original petition.

Hearing was had on said pleas and overruled by the court. Appealed.

[1] The first proposition urged for a reversal, which we shall pass upon, is the second:

"2. The court erred in overruling, and not sustaining the plea of privilege of the defendant A. H. Kirby, receiver, for the reason that the undisputed evidence shows that he resided in Tarrant county, Tex., and was acting as receiver of Equitable Company, Inc., by appointment of the Seventeenth district court of Tarrant county, Tex., in cause entitled Marshall Eskridge v. Equitable Company, Inc., No. 60764, pending in the Seventeenth district court of Tarrant county, Tex., and the burden was on the plaintiff to overcome by competent evidence such plea of privilege, and there was no competent evidence introduced sufficient to show that any of the exceptions mentioned in article 1830 or article 2308, of the Revised Civil Statutes of Texas, exist in this case."

In support of this proposition appellants cite Commonwealth Bonding & Casualty Co. v. Bowles (Tex. Civ. App.) 192 S. W. 611, which sustains their proposition, and appellees cite and rely on Mitchell et al. v. Hancock (Tex. Civ. App.) 196 S. W. 694, holding in favor of the latter. Upon writ of error granted in the first case because of the conflict in the holding of the two Courts of Civil Appeals, Seventh District and Second District, the Supreme Court affirmed the ruling in Bowles v. Mitchell, 245 S. W. 74, thereby holding that suits may be brought against receivers of corporations in counties other than those of their residence in cases of fraud committed in the county where suit was brought.

[2] The next proposition is:

"3. Where plaintiff relies upon fraud for the purpose of establishing venue of a cause of action, he must allege and prove every element of fraud in order to bring himself within the scope of the exception to article 1830, providing that actions based upon fraud may be maintained in the county where the fraud was perpetrated."

The allegations are sufficient, and we think the evidence sufficient to establish the allegations and that sufficient of the fraudulent misrepresentations relied on were made in Eastland county. Therefore the court did not err in overruling the plea of privilege.

Affirmed.